UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DESIGNTECHNICA CORPORATION, d/b/a DIGITAL TRENDS MEDIAGROUP,<br><br>                            Plaintiff,<br><br>                   -against-<br><br>ADAPEX LLC,<br><br>                            Defendants. | Case No. 1:23-cv-08802 (JLR)<br><br>**<u>ORDER</u>** |

JENNIFER L. ROCHON, United States District Judge:

      On October 6, 2023, Plaintiff filed the Complaint in this case. ECF No. 1. The Complaint identified Plaintiff as a Delaware corporation with its principal place of business in Oregon. *Id.* ¶ 1. The Complaint described Defendant as a Delaware limited-liability corporation ("LLC") with its principal place of business in New York, with its only known member to be a citizen of New York. *Id.* ¶¶ 2-3. Plaintiff asserted common-law claims for breach of contract, breach of fiduciary duty, and an accounting. *Id.* ¶¶ 22-36. The sole asserted basis for subject-matter jurisdiction was diversity of citizenship under 28 U.S.C. § 1332. *Id.* ¶ 6. Defendant answered on December 19, 2023. ECF No. 11. In its Rule 7.1 Disclosure Statement, Defendant identified itself, not as an LLC, but as a Delaware corporation with its principal place of business in New York. ECF No. 10. On January 2, 2024, the Court ordered the parties to "show cause by letter" no later than January 5, 2024, "as to why this case should not be dismissed for lack of subject-matter jurisdiction." ECF No. 12 at 1.

      On January 5, 2024, Plaintiff submitted a letter to the Court. ECF No. 13. Plaintiff explained that it had "brought this lawsuit primarily to assert that the defendant, Adapex LLC, breached its contractual and fiduciary duties to plaintiff pursuant to [a] contract . . . which is clearly between plaintiff and 'Adapex LLC.'" *Id.* at 1. Plaintiff stated that it had "filed suit in this court asserting diversity jurisdiction based upon the residence of [Adapex LLC's] sole member, which is New York." *Id.* But when Defendant filed its answer, Plaintiff learned, "based upon the allegations therein," that "Adapex

1

LLC had merged with Adapex Inc., a Delaware corporation, before the contract was executed." *Id.* Plaintiff conceded that "[s]ince Adapex Inc. cannot be joined in this suit without destroying diversity jurisdiction, this action should be dismissed without prejudice." *Id.* The Court agrees. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (Section 1332 "require[s] complete diversity between all plaintiffs and all defendants"); *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 126 (2d Cir. 2022) ("A dismissal for lack of jurisdiction must be without prejudice rather than with prejudice." (citation omitted)).

This action is DISMISSED without prejudice. The initial pretrial conference scheduled for January 9, 2024, is canceled. The Clerk of Court is respectfully directed to close the case.

Dated: January 5, 2024
New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge